UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIOVANNI NDREA,

       Plaintiff,

v.

GUS CALANDRINO, et al.,

       Defendants.
_____/

Case No. 2:24-cv-13240
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFFS' MOTIONS FOR QUALIFIED IMMUNITY (ECF No. 12) and for PROCEEDINGS TO BE IN-PERSON AND FOR THE RETURN OF PUBLIC RECORDS (ECF No. 13)

**I.     Failure to Comply with Local Rule 7.1**

Preliminarily, both motions at issue here must be and are denied because Plaintiff has not demonstrated compliance with Local Rule 7.1(a), which requires that in nearly all cases a conference be held or attempted "between attorneys or unrepresented parties and other persons entitled to be heard on the motion" and requires certain specific representations that must be made to the Court by the movant.  Parties are not to seek relief from the Court until they have attempted to get what they need from their opponent beforehand.  <u>The parties are directed to carefully read this rule and comply with it in the future</u>.

## II.     Motion for Qualified Immunity (ECF No. 12)

Plaintiff has filed a "Motion under Rule 12(b)(6) for Qualified Immunity." (ECF No. 12.)  Defendants have responded. (ECF No. 14.)  Plaintiff's "motion" appears to be either an unauthorized reply to Defendants' Answer and Affirmative Defenses, in which Defendants merely pleaded that they "will rely upon all defenses available to them under the doctrines of governmental and qualified immunity" (ECF No. 7, PageID.23, ¶ 7) or a motion to strike Defendants' qualified immunity defense.  Under Fed. R. Civ. P. 7(a)(7), a party may file a reply to an answer only when the Court orders one.  The Court ordered no such pleading in this case. Furthermore, qualified immunity is a recognized legal defense, which may or may not apply in this case, notwithstanding Plaintiff's argument that it "has never passed in to [sic] law by Congress" or been "signed by any U.S. President." (ECF No. 12, PageID.37.)  Moreover, motions to strike "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 342 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  Accordingly, ECF No. 12 is **DENIED**.

## III.    Motion for In-Person Proceedings and Return of Records (ECF No. 13)

Plaintiff has also filed a motion for proceedings to be in-person and for the return of public records (ECF No. 13), to which Defendants have responded (ECF

No. 15).  The portion of the motion that requests insurance or surety bond information may be moot, in light of Defendants' assurance that the declarations page of its insurance policy is being "imminently" disclosed "as part of its initial disclosure."  (ECF No. 15, PageID.46.)  <u>Defendants should file a certificate of service demonstrating that service of this document has occurred</u>.  The Court reminds Defendants, however, that initial disclosures were due on February 28, 2025 (ECF No. 10) and that Fed. R. Civ. P. 26(a)(1)(A)(iv) requires that they "provide to the other parties . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  This requires more than just a "declarations page."  They should make appropriate arrangements accordingly, if the declarations page does not suffice, and if requested in writing.

    To the extent Plaintiff's motion seeks to have the September 8, 2025 status conference be held in-person because "English is my third language, and [there] may be misunderstanding" (ECF No. 13, PageID.40), the motion is **DENIED** as unnecessary and inefficient for all concerned.  A status conference is a very short event that generally does not justify making people travel to the courthouse, and language difficulties are not likely to be improved by being in-person, particularly if video technology is an option.  The Court is confident, based on the written

filings to this point and based on its vast experience dealing with litigants for whom English is not their first language, that remote proceedings will suffice. Finally, the Court cannot take into consideration information about Plaintiff's computer skills that he attempted to explain over the phone to my case manager, as communications with the Court that seek relief must be in writing for all parties to see.  And the Court is confident that its instructions for remote proceedings allow for use of a hand-held device in lieu of a computer, for either video or just audio, although Plaintiff is strongly encouraged to seek technological assistance from a family member or friend, if needed, or, as mentioned below, from the *pro se* clinic.

Plaintiff is <u>again reminded</u>, as stated previously in the Court's scheduling order (ECF No. 10, PageID.34-35), that:

a. There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

b. Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff.  This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office.  <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

c. Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

    d.    Parties should ONLY come to Judge Patti's chambers when there is a scheduled event.  You will receive notice of scheduled events in the ECF system or through regular mail.  Judge Patti will not hold unscheduled meetings or conferences.

    e.    No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney.  If you need the assistance of an attorney, you must retain one on your own.

    f.    You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process.  The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe.

July 9, 2025

_____
Anthony P. Patti
United States Magistrate Judge